### AVON SPRINGS SANITARIUM CO. v. KELLOGG.

(Supreme Court, Appellate Division, Fourth Department.   March 4, 1908.)

1. BILLS AND NOTES—VALIDITY—CONSIDERATION—STOCK IN CORPORATION.

Defendant subscribed for stock in a corporation to be formed, and after its incorporation scrip for the shares was delivered to him, and he gave a check in payment. He subsequently notified the bank not to pay the check, and sent the scrip by registered letter to the president, which was returned, marked "Refused," and he retained possession of the scrip without making a personal tender to either the corporation or the president. Held, that the issue to defendant of the scrip was a sufficient consideration for the check.

2. SAME—SUBSCRIPTION TO STOCK BEFORE INCORPORATION.

Subscription to stock before a company is incorporated is not a valid consideration for a check given in payment.

McLennan, P. J., dissenting.

Action by the Avon Springs Sanitarium Company against J. Francis Kellogg. Judgment for plaintiff. Defendant appealed, and the case was affirmed. 121 App. Div. 928, 106 N. Y. Supp. 1116. Reargument ordered. 107 N. Y. Supp. 1120. Former decision affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James G. Greene and William De Graff, for plaintiff.
William Carter and Edwin A. Nash, for defendant.

WILLIAMS, J. The defendant's exception should be overruled, and his motion for a new trial denied, with costs. This action, when tried and decided by this court (121 App. Div. 928, 106 N. Y. Supp. 1116), was regarded as controlled by our decision in the case of this same Plaintiff v. Weed, reported 119 App. Div. 560, 104 N. Y. Supp. 58. That case has since been reversed by the Court of Appeals (189 N. Y. 61, 82 N. E. 1123), and this case is here now on a reargument ordered by us by reason of such Court of Appeals decision. So far as that case relates to any question here involved, we, of course, will follow the decision of the Court of Appeals. There are, however, other questions raised here which need to be considered.

The Weed Case was brought to cover the amount of a subscription for stock in the plaintiff corporation. There was a demurrer to the complaint, which was overruled by the trial court, and affirmed by this court. Presiding Justice McLennan wrote a dissenting opinion to the effect that no action could be maintained upon the subscription, and that it imposed no obligation on the defendant; and the reversal by the Court of Appeals was put upon that opinion. The present action was brought to recover upon a check for $250, drawn by defendant to the order of plaintiff upon the State Bank of Avon, dated December 1, 1905. It satisfactorily appeared at the trial that the defendant October 30, 1905, made a written subscription for five shares of stock in plaintiff; that, the plaintiff being duly organized prior to the 1st day of December, 1905, the president of plaintiff delivered on that day the scrip to the defendant and received therefor the check in question. Later the same day the defendant stopped payment on the check—notified the bank not to pay it, but said nothing to plaintiff about it. January 8, 1906, the defendant sent the scrip to the president of plaintiff by registered letter, directed to Rochester, N. Y. This letter was returned to defendant unopened, marked "Refused," and has since been retained by him. The check was presented for payment January 12, 1906, payment was refused, and it was duly protested. The scrip was tendered to plaintiff on the trial. The subscription for stock in this and the Weed Case was precisely the same, except as to the number of shares subscribed for. We must therefore start here with a recognition of the law that the defendant, by reason of his subscription, incurred no obligation that could have been enforced. After the subscription was made, however, the plaintiff was duly organized and the defendant accepted scrip for the stock subscribed for and gave the check in question. The defendant claims

there was no consideration for this check. This is the only question we desire to re-examine here.

The action was commenced December 19, 1906, and the scrip was then still in defendant's possession. There is nothing to show the president of plaintiff ever knew anything about the registered letter or its contents, the scrip, or that there was any communication accompanying the same. The president lived at Rochester, near by, and the place of business of the plaintiff was at Avon, where defendant lived. A personal tender of the scrip could readily have been made to the president, or to the company itself, if desired. Both parties moved for a verdict, so that the facts were by the decision settled in plaintiff's favor. This disposed of the other defenses set up in the answer, aside from the one of want of consideration. The subscription itself, under the Weed Case, would not be any consideration for the check. Prior to December 1, 1905, the defendant was merely a subscriber for stock in a corporation not in existence when the subscription was made; but the corporation had prior to December 1, 1905, been regularly organized and its stock issued, and when on that day defendant accepted his scrip and gave the check, he became a stockholder in the corporation, and has ever since remained such, and has ratified and confirmed his subscription. The issue to him of the scrip for the stock was a sufficient consideration for the check. It seems to me there can be no doubt as to this proposition, regardless of any obligation resting upon the original subscription for such stock. Suppose there had been no subscription at all, and scrip for five shares of stock had been delivered to, accepted, and retained by the defendant, and he had given his check therefor; would there have been any doubt as to existence of sufficient consideration for the check? The check here was not given alone for the liability on the subscription, but for the purchase price of the stock, of an existing corporation, delivered to and accepted and retained by him.

Stock is personal property, and the transfer thereof was a consideration for the check. Weaver v. Barden, 49 N. Y. 286, 289. In Buffalo & J. R. R. Co. v. Gifford, 87 N. Y. 294, it was said by Earl, J.:

"While the subscription was not valid and binding before the complete formation of the corporation, because there was no party with whom the defendant could then contract, yet after the corporation was formed it accepted the subscription, and recognized the defendant as a stockholder, and he recognized himself as a stockholder, and ratified and confirmed his subscription by payments thereon. He thus, within all the authorities, upon general principles became a stockholder in the company, liable to pay the full amount of his subscription [citing several cases]."

Presiding Justice McLennan, in his opinion in the Weed Case (adopted by the Court of Appeals), after quoting the remarks of Judge Earl above, added:

"In the case at bar, if the defendant had ratified the acts of the parties who formed the plaintiff corporation, no one would pretend that payment of his subscription could not be compelled by such corporation."

Our former decision was correct. All concur, except McLENNAN, P. J., who dissents on the authority of Same Plaintiff v. Weed, 119 App. Div. 560, 104 N. Y. Supp. 58; 189 N. Y. 81, 82 N. E. 1123.